UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| **FOUNDERS REAL ESTATE INVESTMENT TRUST** | ) ) ) | CASE NO.1:16CV0086 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| **KINSALE INSURANCE COMPANY,** | ) ) | **OPINION AND ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Kinsale Insurance Company's Motion to Dismiss Case Pursuant to the Sole and Exclusive Binding Arbitration Provision and **Motion** to Compel Arbitration. (ECF #3 ).  For the following reasons, the Court finds the claims in Plaintiff's Complaint are subject to binding arbitration, therefore, the Court grants Defendant's Motion to Compel Arbitration.

**I. BACKGROUND**

Plaintiff, Founder's Real Estate Investment Trust, is a real estate investment trust licensed and organized under the laws of the State of Indiana, authorized to conduct business

in Ohio and maintaining a principal place of business in Cuyahoga County (Compl. at ¶1). Defendant, Kinsale Insurance Company, is an insurance company that has maintained a presence, transacted business and/or insured risks in the State of Ohio, including Cuyahoga County (Compl. at. ¶1). At all times relevant to this action Plaintiff was covered and was a named insured under a commercial general liability policy ("Policy") purchased from Defendant (Compl. at ¶3-4). The policy had an occurrence limit of one million dollars and a general aggregate limit of two million dollars. *Id.* Defendant's policy covered real estate and buildings owned by Plaintiff, including those located at 2435 Blackburn Road, Cleveland, Tennessee (Compl. at ¶5).

During the period the policy was in force, civil claims arose and were commenced against Plaintiff, seeking property damages as a result of alleged occurrences (allegedly a negligently installed drainage pipe altered the flow of a nearby creek, causing damage to property) that had taken place on the Blackburn Road property (Compl. at ¶8). In response to these claims, Plaintiff sought to claim coverage for both defense and indemnity under Defendant's policy (Compl. at ¶11). Defendant disclaimed coverage on the grounds that the policy did not cover damage to properties not listed on the policy (Def.'s Mot. to Dismiss at ¶2). As consequence of Defendant's disclaimer of coverage, Plaintiff was forced to fund its own defense, as well as fund settlements (Compl. at ¶21).

Defendant's policy required that all disputes over coverage be submitted to binding arbitration and that such arbitration be the sole and exclusive means of dispute resolution (Compl. App. at p.28). The Policy also specified that, in the event the parties were unable to agree to an arbitration forum and process, the dispute would be submitted to the American

Arbitration Association ("AAA") and that the arbitration would be before a panel of three arbitrators, unless the parties agreed to single arbitrator. *Id.* On June 2, 2015, Plaintiff submitted a request for arbitration to the AAA, as well as a payment of $200 towards the filing fee (Pl.'s Mem. in Opp Ex. 1, at p.8).  On June 4, Plaintiff was notified by AAA that, given the size of its claim ($100,000), the filing fee would be $1,750 (*Id.* at p.10) and on June 16, Plaintiff submitted a credit card authorization for payment of the remaining balance (*Id.* at p.14).  On June 30, AAA notified Plaintiff that Defendant wished to proceed with a panel of three arbitrators and as such, the filing fee would be $4,000, of which AAA had already received $200 (*Id.* at p.16).  On July 1, Plaintiff issued a check to AAA for $1,800, to cover its half of the filing fee (Pl.'s Mem. in Opp. p.5 at ¶3).

On August 17, Plaintiff contacted AAA seeking to verify payment of the filing fee and inquire into the next step in the arbitration process (Pl.'s Mem. in Opp Ex. 1, at p.25).  On August 24, AAA responded, indicating that arbitration would not begin until the filing fee was paid and that the dispute would be administratively closed unless the filing fee was paid by September 7 (*Id.* at p.24).  On August 25, Plaintiff responded to AAA, explaining that Defendant's policy required each party to bear half the cost of arbitration and as such, Defendant would be responsible for the remaining balance (*Id.* at p.23).  AAA's response indicated that AAA would not take a position on the parties' respective responsibilities to pay the filing fee and that any disputes about the parties' obligations to pay filing fees could be resolved during the course of arbitration (*Id.* at p.22).  On September 8, AAA contacted Plaintiff, acknowledging receipt of Plaintiff's check and inquiring about the remaining balance (*Id.* at p.22).  In response, Plaintiff reiterated that Defendant was responsible for the

remaining balance and that Plaintiff would not be covering that share (*Id.* at p.21).  AAA responded by noting that the filing fees had not been paid by the deadline, consequently, the matter would be administratively closed and the partial filing fees would be refunded with the option for the parties to reopen the case within 90 days (by December 7), if the filing requirements were met. (*Id.* at p.20).

On December 14, one week after the refiling deadline had passed, Plaintiff filed a Complaint in the Cuyahoga County Court of Common Pleas, alleging claims for declaratory relief, breach of contract and bad faith/breach of fiduciary duties.  On January 13, 2016, Defendant removed the case to federal court on diversity grounds.  On January 20, Defendant filed a Motion to Dismiss and to Compel Arbitration.  On February 18, Defendant refiled the case for arbitration, paying AAA the full $4,000 filing fee.

Plaintiff alleges that Defendant's nonpayment of the filing fee caused the initial arbitration case to be administratively closed and that Defendant did not refile before the December 7 deadline.  Plaintiff argues that, in light of Defendant's conduct, Defendant has waived its right to arbitrate and litigation has become the proper method of dispute resolution.  Defendant alleges that the failure of the initial submission to arbitration was caused by the Plaintiff's failure to meet the filing requirements, arguing that Plaintiff should have paid the entire filing fee and resolved the parties' respective obligations towards that fee during arbitration.  As such, Defendant argues that it has not waived its right to arbitrate and that Plaintiff should be compelled to resolve this dispute via arbitration.

## II. LAW AND ANALYSIS

### A. Standard of Review

The Federal Arbitration Act ("FAA") applies as this is a dispute arising out of a refusal to perform part of a contract involving commerce. The FAA provides that:

> "a written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"

U.S.C. §2. The FAA establishes a strong federal policy in favor of arbitration and questions about the scope or applicability of arbitration clauses and should be decided in light of that presumption. In *Moses H. Cone Mem'l Hosp. V Mercury Constr. Corp.*, the Supreme Court held that the FAA establishes, as a matter of federal law, any doubts over the scope of arbitrable issues should be resolved in favor of arbitration, including allegations of waiver. 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d. 765 (1983).

Similarly, Ohio Revised Code §2711.01 holds that any written contract to settle by arbitration any controversy arising out of the contract, or from refusal to perform part or all of the contract, shall be valid, irrevocable and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract. In *U.S. Bank N.A. v Wilkens*, the court held that "both Ohio and federal courts encourage arbitration to settle disputes and as a result, courts must indulge a strong presumption in favor of arbitration and resolve any doubts in favor of arbitrability. No. 96617, 2012 WL 892898, at *2 (Ohio Ct. App. Mar. 15, 2012).

**B. Waiver of Arbitration**

While there is a strong presumption in favor of arbitration, "an agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." *Germany v River Terminal Ry. Co.*, 477 F. 2d 546, 547 (6th Cir. 1973).  Ohio courts have similarly held that an arbitration provision in a contract may be waived by necessary implication through actions inconsistent with the right to proceed with arbitration. *Griffith v Linton*, 130 Ohio App. 3d 746, 751, 721 N.E. 2d 146 (10th Dist. 1998).  However, while actions inconsistent with arbitration can constitute a waiver of the right to arbitrate, both federal and Ohio courts have held that such a waiver is not to be inferred lightly.  *Gen. Star Nat. Ins. Co. V Administratia Asigurarilor de Stat*, 289 F. 3d 434, 438 (6th Cir. 2002). *Harsco Corp. V. Crane Carrier Co.*, 122 Ohio App. 3d 406, 415, 701 N.E. 1040, 1046 (3rd Dist. 1997).  Courts have typically found that the right to arbitration has been waived by inconsistent actions in cases where significant amounts of time have passed, where substantial litigation and discovery has occurred and where the opposing party incurs actual prejudice.

**1. Plaintiff's Waiver Defense**

Plaintiff argues that Defendant did not pay its half of the filing fees when Plaintiff submitted its claim to the AAA and, in light of this failure to pay, Defendant has waived its right to arbitration.  Plaintiff makes this claim despite having been informed by the AAA that the fee must be paid before its matter can be considered properly filed and that disputes over the parties' obligation to pay the filing fees are appropriately addressed to the arbitrators (Pl.'s Mem. in Opp Ex. 1, at p. 23).

Plaintiff specifically relies on *Cinel v Barna*, in which the court held that the

arbitration was waived when the party insisting on arbitration failed to comply with the AAA's order that the parties resolve the issue of how the filing fee would be split. 206 Cal. App. 4th 1383, 1390 (Ca. Ct. App. 2012). However, in *Cinel*, the parties insisting on arbitration were unable to work out their respective obligations to pay the filing between themselves while the opposing party was prepared to pay his share. By contrast, the Court finds that Plaintiff chose not to pay the full filing fee, despite being told that the arbitrator would address the issue of the parties obligations towards the filing fees; and further, Defendant has now properly filed the dispute with the AAA, including paying the full filing fee.

Plaintiff also relies on *Sanderson Farms, Inc v Gatlin*, a case in which the opposing party disputed whether the filing fees were part of the costs of arbitration that the parties had agreed to share. 848 So. 2d 828, 837 (Miss. 2003). The *Sanderson* court held that because Sanderson Farms refused to pay its half of the filing fee, Sanderson had waived its right to arbitration. *Id.* at 838. By contrast, the Court finds that although Defendant initially did delay paying its share of the filing fee, Defendant at no time denied its obligation to pay its half of the arbitration costs; in fact, as mentioned above, Defendant has gone ahead and paid the full filing fee, in anticipation of the arbitration panel addressing the issue of the parties' respective obligations to share the costs of arbitration.

Finally, Ohio courts have already rejected the argument that Plaintiff seeks to advance in *Union Cent. Life Ins. Co. v Andraos*, No. 1:09 CV 758, 2011 WL 6061771, at *5 (S.D. Ohio Oct. 21, 2011). In *Andraos*, the defendants moved for arbitration, failed to pay their share of the filing costs and the case was administratively dismissed by the AAA with the

option once that the case was marked closed, it may be reopened by the parties by filing a new Demand for Arbitration and paying the appropriate filing fee. *Id.* The *Andraos* court held that as the AAA explicitly provided a mechanism for the parties to reopen the matter, the record does not support a finding that AAA's termination for nonpayment amounted to a determination that arbitration could not proceed. *Id.* Similarly, Plaintiff's claim with the AAA was administratively closed due to Plaintiff's non-payment of the filing fee, with the caveat that the case could be reopened by the parties by filing the appropriate paperwork and paying the filing fee. Further, the court held that "questions regarding procedural arbitrability are presumptively not for the judge, but for the arbitrator to decide" and that " the presumption is that arbitrators should decide allegations of waiver, delay, or a like defense to arbitrability." *Id.* at 4.

In short, the Court finds that Plaintiff's entire waiver argument stems from Plaintiff's erroneous failure to pay the full filing fee in anticipation of the arbitrators addressing the parties' respective obligations to share the cost of arbitration. Plaintiff implies that its failure to pay the full cost, coupled with Defendant's silence, equates to the Defendant waiving its right to arbitrate. However, Defendant has since reopened the case with the AAA by properly filing the dispute and paying the full filing fee. In light of the presumption against finding waiver of arbitration and the presumption in favor of the arbitrator deciding allegations of waiver; as well as Plaintiff's failure to properly file and Defendant's subsequent proper filing, the Court does not find that Defendant has waived its right to arbitrate.

### 2. Defendant's Motion to Dismiss and to Compel Arbitration

Plaintiff and Defendant have entered into a contract that requires the parties to submit all coverage disputes to binding arbitration (Compl. App. at p.28). The parties are disputing coverage under the Defendant's policy. Defendant has also properly filed this dispute with the AAA and paid the full filing fee. As both federal and Ohio law favor the resolution of disputes by arbitration and because the parties have expressly contracted to resolve exactly this type of dispute by arbitration, the Court grants Defendant's Motion to Compel Arbitration.

As the arbitration clause governs all Plaintiff's claims and the arbitrator's decisions are final and binding, the Court dismisses the case in its entirety. *Stachurski v. DirecTV, Inc.*, 642 F.Supp.2d 758, 764 (N.D.Ohio 2009). "If all the claims in the case are within the scope of the arbitration agreement and 'there is 'nothing left for the district court to do but execute judgment,' dismissal [of the case] is appropriate.'" *Stachurski, id.* (citing *Ewers v. Genuine Motor Cars, Inc.,* No. 1:07 CV 2799, 2008 WL 755268, at *7 (N.D.Ohio Mar. 19, 2008)) (quoting *Arnold v. Arnold Corp.-Printed Communications for Business,* 920 F.2d 1269 (6th Cir.1990)).

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: June 14, 2016**